## In re UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

1. STREET RAILROADS—EXTENSION—NECESSITY—EVIDENCE.

On a hearing as to the necessity of an extension of a street railroad before commissioners, evidence that, from the point where the proposed extension ends, petitioner owns a right of way along the street for a long distance, and that it is proposed in time to extend the road along such right of way to and beyond the city limits, is proper to be considered as one of the circumstances bearing on the necessity for such extension.

2. MUNICIPAL CORPORATIONS—PARKS—STREETS.

Where a street formerly used as a plank road was conveyed to park commissioners, as authorized by Laws 1876, p. 477, c. 445, whereupon the commissioners improved the road as an approach to the park, a part of such road nearly a mile distant from the park did not thereby become part of the park, but was subject to the highway law of the city.

Application by the United Traction Company for the appointment of three commissioners to determine whether a street surface railroad ought to be constructed on Western avenue, in the city of Albany. On application to confirm the determination of such commissioners as to convenience and necessity of the extension of such road. Granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

P. C. Dugan (Lewis E. Carr, of counsel), for petitioner.
Randall J. Le Boeuf, for objecting property owners.

JOHN M. KELLOGG, J. This is an application to confirm the determination of the commissioners. appointed herein, as to the public convenience and necessity of the extension of the petitioner's road, 1,500 feet along Western avenue, in the city of Albany. No question is raised as to the regularity of the proceedings.

The principal question is raised upon the merits as to the public convenience and necessity. The commissioners seem to have given the matter careful consideration. They have undoubtedly inspected and are familiar with the locality and the exact physical conditions existing. Their determination is fairly sustained and supported by the evidence. The proposed road is an extension for 1,500 feet of an existing road. Upon the trial evidence was offered tending to show that from the point where the proposed extension ends the petitioner owns a right of way along Western avenue for a long distance, and that it is proposed in due time to extend the road along its right of way to and beyond the city limits. It is now claimed that this was error, that the evidence did not show that the petitioner owned the right of way for the proposed future extension, and that that was a subject which was prejudicial and ought not to have been before the commission. The Western Turnpike Company had this right of way, and conveyed part of it to the city, and part of it by mesne conveyances has come into the hands of the petitioner. I think it is immaterial whether the petitioner owns this right of way or not. It is a proper circumstance to be considered by the commission that the territory beyond the 1,500 feet is such that it would permit an exten-

sion, and that an extension will be necessary. They have the right to take into consideration all the circumstances, the probable growth, the convenience of the people, and the fact that there is a territory beyond the 1,500 feet which at an early day must be accommodated, and that it can only be accommodated after this 1,500 feet is built upon. In my judgment, therefore, it was immaterial whether there is or is not a right of way along the proposed future extension. The fact that there is territory there upon which a road should or may be built is material, and one of the circumstances proper to be considered. If the petitioner owns the right of way, perhaps the road might be built earlier than it otherwise would. If it did not own it, it would have to acquire it. I see no error in that direction.

The Plank Road Company formerly operated its road over a part of this 1,500 feet, and by chapter 445, p. 477, of the Laws of 1876, it was authorized to convey that part of its road to the commissioners of Washington Park, and they were required to improve that portion of the road 'as an approach' to the park; the statute providing:

"But nothing herein contained shall be construed as authorizing said commissioners to close the said portion of the said road or to exclude the public from the use thereof as a highway."

It was conveyed, and the park commissioners improved the road, planting trees alongside of it, paving it with stone blocks, and made it a high-class street approaching the park. The point in question is nearly a mile distant from the park. It is claimed that this part of the street thereby became a part of the park system, and not subject to condemnation for street railway purposes. It is assumed that, if it is a park, it is not the subject of condemnation for this purpose. But clearly it is not a park. It is subject to the highway law of the city, and is simply a street, improved a little more than other streets, because it approaches and is a good driveway to the park.

A consideration of the whole case shows no error to the prejudice of the property owners. The determination of the commissioners is therefore confirmed. All concur.